IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GALEN PATON, individually, et al.,

        Plaintiffs,

vs.

                                                      CIV 97-1360 JC/DJS

NEW MEXICO HIGHLANDS UNIVERSITY, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Student Plaintiffs' Motion for Class Certification, filed August 25, 1999 *(Doc. 46)*, Defendants' Response to Plaintiff's [sic] Motion, filed September 24, 1999 *(Doc. 59)*, and Plaintiffs' Reply to Defendants' Opposition to Class Certification, filed October 5, 1999, *(Doc. 64)*. The Court has reviewed the motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Plaintiffs' Motion is well taken in part, and will be **conditionally granted**.

*Discussion*

Plaintiffs move this Court for class action certification of Student Plaintiffs' claims pursuant to Rule 23 of the Federal Rules of Civil Procedure. The factual background of this case does not bear repetition here.

*Class Definition*

Plaintiffs define the proposed class as "all present and future female students enrolled at NMHU who participate, seek to participate, or are deterred from participating in intercollegiate athletics as a result of the discriminatory practices of the NMHU." Student Plaintiffs' Mot. for

Class Certification at 2 *(Doc. 46)*. "The fact that the class includes future members does not render the class definition so vague as to preclude certification."[1] *Probe v. State Teachers' Retirement Sys.*, 780 F.2d 776, 780 (9th Cir. 1986). However, it is improper to define a class based on subjective criteria such as a class member's state of mind. *See Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981) (class included members who were discouraged from applying for federal assistance). Determining class members who "*seek* to participate, or are *deterred* from participating in intercollegiate athletics" depends on ascertaining the member's state of mind. Because these criteria improperly base class membership on state of mind, I will delete these criteria from the proposed class definition.

I further find that the description of students "participating in intercollegiate athletics" is an inadequately vague definition of class membership. Plaintiffs' definition might demand a case-by-case determination of what constitutes "participation" in intercollegiate athletics. *See Davoll v. Webb*, 160 F.R.D. 142, 144 (D. Colo. 1995) (finding the term "disability" to be an inadequate class definition). Because all of Plaintiffs' named representatives were named in their capacity as student athletes I find that "participation" describes those who participate as student athletes. Therefore, Plaintiffs' class definition as modified by this Court consists of "present and future female students enrolled at NMHU who participate as athletes in intercollegiate athletics."

*Mootness*

Defendants point out that none of the Student Plaintiffs' named representatives currently

---

[1] This is especially true where, as here, the plaintiffs seek injunctive and declaratory relief under FED. R. CIV. P. 23 (b)(2). *See* MOORE'S FEDERAL PRACTICE 3d § 23.21[6] (1999) (precision of class definition is much less important when certifying actions under 23(b)(2)).

participate as athletes on an intercollegiate sports team at NMHU.[2] Generally, an entire class action is mooted if the named plaintiffs' claims become moot prior to certification. *See Board of School Commissioners v. Jacobs*, 420 U.S. 128, 130 (1975). However, certain circumstances allow a district court to "apply a 'relation back' theory and grant late certification in an otherwise moot case." *Milonas v. Williams*, 691 F.2d 931, 937 (10th Cir. 1982) (citing *Sosna v. Iowa*, 419 U.S. 393, 402 n.11 (1975)). In this case, Plaintiffs initially filed a motion for class certification on May 7, 1998 *(Doc. 14)*, at which time one or more of the Student Plaintiffs appeared to have valdi class claims as NMHU student athletes. Defendants did not file a response to Plaintiffs' motion until September 24, 1999 *(Doc. 59)*. The court in *Lusardi v. Xerox Corp.,* 975 F.2d 964 (3d Cir. 1992) recognized the situation in which a defendant could "afford to 'pick off' successive plaintiffs and forestall the formation of a class." *Id.* at 981-82. Under these circumstances, the relation back exception can salvage an otherwise mooted claim. *See id.* at 982 (citing *Zeidman v. J. Ray McDermott & Co.,* 651 F.2d 1030, 1050 (5th Cir. 1981)).

At least in part, the Defendants' delay in responding to the Student Plaintiffs' motion to certify contributed to the overall delay in considering class certification. I therefore find that Plaintiffs' current motion to certify, filed August 25, 1999, relates back to Plaintiffs' motion to certify filed on May 7, 1998. Plaintiffs argue that the motion to certify should relate back to the date of the Complaint. However, under this exception there is not "a single case holding that a district court has subject matter jurisdiction to hear a *motion to certify* filed by named plaintiffs *whose personal claims have expired.*" *Id.* (emphasis added). In other words, the validity of the

---

[2] Three of the four named Student Plaintiffs no longer attend NMHU. The fourth student, Erica Travelstead, was cut from the volleyball team, but apparently continues to attend NMHU as a student and functions as an athletic trainer.

named representatives' class claims on the date the Complaint was filed is irrelevant under this analysis. Accordingly, should this Court determine that no Student Plaintiff had a valid class claim on May 7, 1998, Plaintiffs' class action claims must necessarily be dismissed as moot. Because the status of the named Student Plaintiffs as of May 7, 1998 is unclear, I will grant the parties fourteen (14) days from the date that this order is entered to submit memoranda on this issue.

*Class Action Requirements*

In order to certify a class action Plaintiffs must demonstrate that the requirements of Fed.R.Civ.P. 23 are satisfied. *See Sollenbarger v. Mountain States Tel. and Tel. Co.,* 121 F.R.D. 417, 423 (D.N.M. 1988) (citations omitted). The named students may bring a suit as representative parties on behalf of a class only if the following prerequisites are met:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the . . . class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). In order to maintain the class action Plaintiffs must also meet one of three conditions under FED. R. CIV. P. 23(b). Plaintiffs claim that Defendant NMHU has "acted in a discriminatory manner with respect to all class members," therefore justifying injunctive relief regarding the class as a whole and meeting the requirements of 23(b)(2).[3]

*Numerosity / Impracticability of Joinder*

Plaintiffs correctly assert that the presence of future class members may render joinder impracticable. *See Phillips v. Joint Legislative Comm. on Performance and Expenditure Review*,

---

[3] A 23(b)(2) action is one in which "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief . . . with respect to the class as a whole." FED. R. CIV. P. 23(b)(2).

4

637 F.2d 1014, 1022 (5th Cir. 1981) (class included unidentifiable future members); *Krislov v. Rednour*, 946 F. Supp. 563, 568 (N.D. Ill. 1996) (numerosity satisfied where class included future members in addition to 50 present members). Because the presence of unidentifiable future class members in addition to all current members makes joinder difficult and inconvenient, I find that Plaintiffs have met this requirement under FED. R. CIV. P. 23(a)(1). *See Castano v. American Tobacco Co,,* 160 F.R.D. 544, 550 (E.D. La. 1995), *overruled on other grounds*, 84 F.3d 734 (1996) (impracticable does not mean impossible).

*Commonality and Typicality*

In civil rights cases, the elements of "commonality" and "typicality" may be assessed together. *See Milonas v. Williams,* 691 F.2d 931, 938 (10th Cir. 1982). Plaintiffs were subjected to essentially the same course of conduct on the part of Defendants, and Plaintiffs assert the same legal theories on behalf of the representatives and the class. Consequently, I find that Plaintiffs have satisfied the requirements of "commonality" and "typicality" under FED. R. CIV. P. 23(a).

*Fair and Adequate Class Representation*

Defendants oppose certification of the proposed class on the ground that the named Student Plaintiffs will not fairly and adequately protect the interests of the class. Defendants contend that the named representatives' interests conflict with those of other members of the class. For a conflict to result in the inadequacy of a named representative, it must be based on more than speculation. *See Alvarado Partners, L.P. v. Mehta*, 130 F.R.D. 673, 676 (D. Colo. 1990). Moreover, the conflict must relate to the subject matter of the litigation. *See id.* The mere fact that the class representatives seek monetary relief as individuals and only declaratory and injunctive relief on behalf of the class does not constitute a fatal conflict of interest. *See Stewart v.*

5

*Winter*, 669 F.2d 328, 335 (5th Cir. 1982); *Hispanics United v. Village of Addison*, 160 F.R.D. 681, 689-90 (N.D. Ill. 1995); *Roe v. Operation Rescue, Inc.*, 123 F.R.D. 500, 504 (E.D. Pa. 1988). In this case, Defendants presented no evidence of dissent or conflict regarding this litigation between the named representatives and any other members of the proposed class.

Defendants further contend that the named Student Plaintiffs' lack of knowledge and interest in this lawsuit renders them unable to fairly and adequately protect the interests of the class. Defendants are correct in that the representatives' conduct must not result in abdication of the case to their attorneys. However, "in a class action, it cannot be expected that all class members will be interested to the same degree." *In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.,* 122 F.R.D. 251, 258 (C.D. Cal. 1988). Although *United Energy* involved a securities case, the court's declaration that "the class device serves . . . important public and private interests" is no less true in this case. *Id.*

Jodie Roberts described a class action as a situation in which a "group of people . . . are being affected by something, and a group of people need to be helped," and involving "somebody like me that is willing to stand up and speak for everyone else or take care of everyone else." Roberts Dep. at 96:10-16, 97:3-9, Ex. 1 to Defs.' Resp. Erica Travelstead sees a class action as a means to protect incoming female athletes should the lawsuit be "drawn out after I've graduated." Travelstead Dep. at 87:18-24, Ex. 3 to Defs.' Resp. Randa Barber understands that she may bear a personal responsibility for legal costs. *See* Barber Dep. at 90:24-91:7, Ex. 2 to Defs' Resp. Like the plaintiffs of *United Energy*, at least some of the Student Plaintiffs in this case have demonstrated an understanding and interest in the proceedings. They have participated in depositions, communicated with their attorney by telephone or mail, and attended settlement

6

hearings. At least two Student Plaintiffs who are currently attending school or working out-of-state gave depositions this past summer in New Mexico. Not one of the named students has withdrawn from the case. "[T]o require more [on the part of class representatives] could well prevent the vindication of the legal rights of the absent class members." *United Energy*, 122 F.R.D. at 258.

I find that Plaintiffs have sufficiently demonstrated the adequacy of the named Student Plaintiffs to act as representatives for this class. However, it is the Court's responsibility to continually monitor the adequacy of representation in a class action. *See Key v. Gillette Co.*, 782 F.2d 5, 7 (1st Cir. 1986). Should the representatives demonstrate an inability to fairly and adequately protect the interests of the class the Plaintiffs will no longer be in compliance with FED. R. CIV. P. 23(a)(4) and class certification will be withdrawn.

*Conclusion*

The Student Plaintiffs' class definition, as modified by this Court, consists of "present and future female students enrolled at NMHU who participate as athletes in intercollegiate athletics." The Student Plaintiffs' Motion for Class Certification, based on this modified class definition, will be conditionally granted. The Court will grant the parties fourteen (14) days from the day this Order is entered to file memoranda addressing whether the Student Plaintiffs were valid members of the modified class as of May 7, 1998. Finally, should Plaintiffs fail to timely file a memorandum as directed, Plaintiffs' Motion for Class Certification will be denied.

Wherefore,

**IT IS ORDERED** that the Student Plaintiffs' class definition is modified to consist of "present and future female students enrolled at NMHU who participate as athletes in

7

intercollegiate athletics."

**IT IS ORDERED** that Student Plaintiffs' Motion for Class Certification, based on the modified class definition, is **conditionally granted**.

**IT IS ORDERED** that the parties are granted fourteen (14) days from the date this order is entered to file a memorandum addressing whether one or more of the named representative Student Plaintiffs were valid members of the modified class as of May 7, 1998.

**IT IS FURTHER ORDERED** that should Plaintiffs fail to timely file the memorandum as directed, Plaintiffs' Motion for Class Certification is **denied**.

DATED this 18th day of October, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs: Kristen M. Galles
Equity Legal
Alexandria, VA

Nancy Long
Herrera, Long & Pound, P.A.
Santa Fe, NM

Counsel for Defendants: Timothy White
Atwood, Malone, Turner & Sabin
Albuquerque, NM