# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GALEN PATON, individually, et al.,

    Plaintiffs,

    vs.                                                                                                      No. CIV 97-1360 JC/DJS

NEW MEXICO HIGHLANDS UNIVERSITY, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiffs' brief *(Doc. 76)*, filed October 29, 1999, and Defendants' brief *(Doc. 79)*, filed November 1, 1999, in response to this Court's order conditionally granting Plaintiffs' Motion for Class Certification and requesting additional information regarding Plaintiffs' class membership *(Doc. 66)*. The Court has reviewed the parties' memoranda, exhibits and the relevant authorities. The Court finds that of the plaintiffs' named representatives, Erica Travelstead was the only valid member of the class as of May 7, 1998 and is the sole class representative for purposes of the Student Plaintiffs' class action claims.

## I.    Discussion

*Named Plaintiffs' Class Status on May 7, 1998*

The Student Plaintiffs' class membership is currently defined as "present and future female students enrolled at NMHU who participate as athletes in intercollegiate athletics." Defendants claim that none of the named Student Plaintiffs were members of the defined class on May 7, 1998.[1] Plaintiffs agree that April Clairmont and Randa Barber were no longer members of the class on that

---

[1] Plaintiffs filed their first Motion for Class Certification *(Doc. 14)* on this date.

date, but maintain that Jodie Roberts and Erica Travelstead remained valid class members as of May 7, 1998.

Plaintiffs contend that "Jodie Roberts was a soccer player at NMHU until she transferred . . . in the fall of 1998," without citing any evidence to support this contention. Pls.' Br. at 1. Defendants point to affidavit testimony as evidence that Ms. Roberts was not a valid class member as of May 7, 1998. *See* Aff. of Greg Rusk, Ex. 3 of Defs.' Br. Mr. Rusk stated in his affidavit that Ms. Roberts "did not participate in the [1998] spring training for the soccer team," and "has not participated as a member of the [NMHU] soccer team" since he assumed the position of head soccer coach on April 15, 1998. *Id.* ¶¶ 3, 4. Given Plaintiffs' unsupported, conclusory statement on the one hand, and the testimony of Mr. Rusk on the other, I find that Ms. Roberts was not a valid member of the class on May 7, 1998.

Similarly, Plaintiffs assert that Erica Travelstead "[was] a member of the newly defined class as of May 7, 1998," without reference to any supporting evidence. Pls.' Br. at 5. In this instance, however, Defendants' affidavit and deposition testimony does not refute Plaintiffs' claim. Defendants cite Ms. Travelstead's testimony to support their contention that she "played on the [NMHU] women's volleyball team . . . Fall of 1996 and 1997." Defs.' Br. at 2. However, assuming the truth of this statement, it does not lead to the conclusion that Ms. Travelstead was no longer a member of the volleyball team in May of 1998. Defendants also assert that when Venese Hiapo assumed the position of head volleyball coach in January of 1998 she "elected to evaluate and choose which players would participate in the fall, 1998 women's volleyball team." Aff. of Venese Hiapo ¶ 4, Ex. 6 of Defs.' Br. Ms. Hiapo conducted her evaluation "[f]rom January until May, 1998," and did not select Ms. Travelstead as a player. *See id.* ¶ 5. Because Ms. Travelstead was a team member in the

Fall of 1997, it is reasonable to assume that she remained a member until Ms. Hiapo's decision to reject her. However, Ms. Hiapo fails to indicate the date that she made her decision not to select Ms. Travelstead, therefore her testimony does not conflict with Plaintiffs' acknowledgment that Ms. Travelstead was cut from the team prior to the Fall 1998 season. In light of these circumstances, I find confusing Ms. Hiapo's statement that Ms. Travelstead has not "participated as [a] member of the [NMHU] volleyball team while I have been head coach." *Id.* ¶ 7. Because I assume that Ms. Travelstead remained a member of the NMHU volleyball team until Ms. Hiapo's decision to cut her, and absent evidence that Ms. Hiapo's decision was made prior to May 7, 1998, I find that Erica Travelstead was a valid class member as of that date.

*Adequacy of Representation*

Although Ms. Travelstead was a class member on May 7, 1998, she is no longer a member of the class. Nevertheless, she is the sole representative in this class action. Under these circumstances, the Court is faced with a concern regarding Ms. Travelstead's ability to adequately represent the entire class. *See Key v. Gillette Co.*, 782 F.2d 5, 7 (1st Cir. 1986) (finding that the court has a continuing obligation to monitor the adequacy of representation in a class action). This action requires that its named Plaintiffs have personal knowledge of the current conditions of women's intercollegiate sports at NMHU and the ability to assemble the necessary evidence to adequately support the claims of the class. *See LaReau v. Manson*, 383 F. Supp. 214, 218 (D. Conn. 1974). Ms. Travelstead is currently enrolled as a student at NMHU and functions as an athletic trainer. Presumably, in her capacity as a trainer she has access to locker rooms, playing fields and other athletic facilities. She is therefore able to closely observe the conditions under which the

female athletes practice and play. For this reason, the Court finds that Ms. Travelstead is an adequate class representative.

*Relation Back Doctrine*

Plaintiffs request that the Court consider the status of the proposed class representatives as of the filing date of the Complaint. Defendants request that the Court refrain entirely from applying the relation back doctrine, or alternatively, suggest that the Court apply the filing date of Plaintiffs' renewed Motion for Class Certification. While I find some merit in both Plaintiffs' and Defendants' arguments, I find it unnecessary to reconsider the Court's decision on this issue at this time.

Wherefore,

IT IS ORDERED that Erica Travelstead is the sole class representative for purposes of the Student Plaintiffs' class action claims.

DATED this 8th day of November, 1999.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:	Kristen M. Galles
Equity Legal
Alexandria, Virginia

Linda M. Vanzi
Vanzi & Gagne, PC
Albuquerque, New Mexico

Nancy Kantrowitz
The Schulze Law Firm
Santa Fe, New Mexico

Counsel for Defendants:	Timothy L. White
Atwood, Malone, Turner & Sabin
Albuquerque, New Mexico