# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GALEN PATON, individually, et al.,

    Plaintiffs,

vs.                                        No. CIV 97-1360 JC/DJS

NEW MEXICO HIGHLANDS UNIVERSITY, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants' Motion for Judgment as a Matter of Law or Alternatively, for New Trial ("Motion for JMOL"), filed December 20, 1999 *(Doc. 110)*, and Plaintiffs' Motion to Strike Exhibits to Defendants' Motion for Judgment as a Matter of Law, or Alternatively for New Trial ("Motion to Strike"), filed January 4, 2000 *(Doc. 116)*. The Court has reviewed the motions, the memoranda and exhibits submitted by the parties,[1] and the relevant authorities. The Court finds that Defendants' Motion for JMOL is not well taken, and will be denied, and that Plaintiffs' Motion to Strike will be denied as moot.

## I.    Legal Standard

*Judgment as a Matter of Law*

"Judgment as a matter of law is appropriate 'only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion.'" *Townsend v. Daniel*, 196 F.3d 1140, 1144 (10th Cir. 1999) (quoting *Vining v. Enter. Fin. Group, Inc.*, 148 F.3d

---

[1] I note that Plaintiffs' Opposition to Defendants' Mot. for JMOL ("Response") exceeds the page limit set forth in the local civil rules. *See* D.N.M.LR-Civ. 7.7. Therefore, pages 25 and 26 of Plaintiffs' Response will be stricken and will not be considered in deciding this Motion.

1206, 1213 (10th Cir. 1998)).  "In reviewing, 'we may not weigh the evidence, pass on the credibility of witnesses, or substitute our judgment for that of the jury." *Id.* (quoting *Wolfgang v. Mid-America Motorsports, Inc.*, 111 F.3d 1515, 1522 (10th Cir. 1997)).  "Additionally, the evidence and its inferences are construed in favor of the non-movant." *Id.* (citing *Kinser v. Gehl Co.*, 184 F.3d 1259, 1267 (10th Cir. 1999)).  Judgment as a matter of law "'should be cautiously and sparingly granted.'" *Deters v. Equifax Credit Info. Servs.*, 981 F. Supp. 1381, 1384  (D. Kan. 1997) (quotinq *Lucas v. Dover Corp.*, 857 F.2d 1397, 1400 (10th Cir. 1988)).

*New Trial*

"Motions for a new trial are committed to the sound discretion of the trial court." *Deters*, 981 F. Supp. at 1385 (citing *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984)).  "They are 'not regarded with favor and should only be granted with great caution.'" *Id.* (quoting *United States v. Kelley*, 929 F. 2d 582, 586 (10th Cir. 1991)).  "'The party seeking to set aside a jury verdict must demonstrate trial error which constitutes prejudicial error or that the verdict is not based on substantial evidence.'" *Id.* (quoting *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983)).

## II.    Discussion

Defendants' Motion for JMOL comes after a trial in which the jury found that Defendant New Mexico Highlands University ("NMHU") discriminated against the Student Plaintiffs by violating their "rights to receive equitable athletic scholarship funds *and/or* equitable treatment and benefits." Verdict Form, filed Dec. 6, 1999 *(Doc. 106)* § I, No. 1 (emphasis added).[2]  I note that it is impossible to determine from the verdict whether the jury found that NMHU discriminated in the provision of

---

[2] The jury awarded two thousand dollars in compensatory damages to each Student Plaintiff.

athletic scholarships, the provision of treatment and benefits, or both. Consequently, in order for Defendants to demonstrate that Plaintiffs failed to establish sufficient evidence from which the jury could find a violation of Title IX, Defendants must demonstrate that Plaintiffs' evidence was insufficient to support a finding of *either* inequitable athletic scholarship funding or inequitable treatment and benefits. In this case, sufficient evidence was produced at trial from which a jury could find either inequitable athletic scholarship funding or inequitable treatment and benefits. Defendants contend that Plaintiffs' evidence was insufficient to establish any of the Student Plaintiffs' Title IX claims. Defendants attempt to support their contention primarily with statistics purporting to show that NMHU expended more funds on its female athletes than its male athletes.[3]

*Athletic Scholarship Funding*

Defendants first assert that NMHU provided proportionally more athletic scholarship funding to female athletes than to male athletes. A recipient institution must provide athletic scholarships "for members of each sex in proportion to the number of students of each sex participating in . . . intercollegiate athletics." 45 C.F.R. § 86.37(c)(1). An institution's compliance is measured "by dividing the amounts of aid available for the members of each sex by the numbers of male or female [athlete] participants . . . and comparing the results." Policy Interpretation, 44 Fed. Reg. 71413, 71415 (1979). Thus, an institution "may be found in compliance if this comparison results in substantially equal amounts." *Id.*

---

[3] I note that both parties cite to the Equity in Athletics Disclosure Act ("EADA") purportedly contained in Trial Exhibit 3. However, the Court's copy of Trial Exhibit 3 contains nothing entitled EADA and consists solely of: 1) a 1997-1998 Higher Education Act Reporting form listing the numbers of male and female undergraduate students at NMHU, and 2) various sports-related worksheets numbered one through nine.

Defendants purport to summarize Trial Exhibit 3 in Appendix A, attached to their Motion for JMOL.[4] According to Defendants' calculations, female athletes comprised 28.8% of student athletes in 1996-1997 and were receiving 36.6% of available athletic scholarship funds. If true, this fact demonstrates that NMHU allocated a greater proportion of athletic financial aid to its female athletes than its male athletes. However, assuming that Defendants' appendix accurately represents the information in Trial Exhibit 3, Plaintiffs provided evidence at trial from which the jury could conclude that the numbers of participating male athletes were lower, or that the amount of financial aid distributed to them was greater, than that represented by Defendants. *See* Trial Exhibit 1; Trial Exhibit 64; Kim Carpenter's testimony on December 1, 1999, Trial Transcript 92-104, attached to Defs.' Mot. for JMOL. Therefore, Defendants fail to prove that the evidence regarding athletic scholarship funding is susceptible to no reasonable inferences supportive of the Student Plaintiffs' claim of discrimination.

*Treatment and Benefits*

Defendants also contend that NMHU provided equitable treatment and benefits to its female athletes. A recipient institution must insure "equal athletic opportunity for members of both sexes" in the provision of athletic benefits and opportunities. 45 C.F.R. 86.41(c). Equal opportunity in athletic benefits and opportunities (excepting financial aid) is determined by the consideration of a non-exhaustive list of factors. *See id.* Thus, this assessment requires the fact-finder to consider factors that may be difficult to quantify, such as access to coaching, game scheduling and publicity. *See id.* Unlike the provision of athletic financial aid, where an institution's compliance is assessed by direct financial comparisons, athletic benefits are evaluated "by comparing the *availability*, *quality*

---

[4] Defendants do not indicate whether this appended table was admitted as evidence.

and *kinds* of benefits, opportunities, and treatment afforded members of both sexes." Policy Interpretation, 44 Fed. Reg. 71413, 71415 (1979) (emphasis added).

Defendants attempt to prove the insufficiency of Plaintiffs' evidence regarding the claim of inequitable treatment and benefits by first showing that NMHU expends more athletic monies per female athlete than it spends per male athlete. However, as indicated above, equitable treatment and benefits cannot be assessed strictly by comparing the distribution of funds. As Defendants note, the evaluation of athletic benefits "is not necessarily one of number, but one of degree." Defs.' Mot. for JMOL at 8. Thus, even assuming the fact that NMHU allocated more funds to its women's teams does not threaten a jury finding that NMHU provided inequitable treatment and benefits to its female athletes.

Defendants further contend that Plaintiffs' treatment and benefits claim fails because Plaintiffs did not produce evidence: 1) regarding the treatment of the male athletes, 2) that male and female teams were treated differently because of gender, 3) that disparities existed between the men's and women's coaches, and 3) that disparate conditions at NMHU were sufficiently severe or pervasive to deny equal opportunity to the Student Plaintiffs. However, I find that sufficient evidence was presented at trial for the jury to adequately consider and determine each of these issues.

Witnesses testified at trial regarding their knowledge of the conditions under which the men's coaches and the male athletes practiced and competed. Plaintiffs presented evidence from which the jury could find that disparities existed in the treatment and benefits afforded male student athletes and those provided to female student athletes.[5] Although Defendants presented testimony and evidence

---

[5] Plaintiffs presented evidence that NMHU paid its women's sports coaches less, required additional duties of its women's coaches, provided inferior field maintenance, administrative support and locker facilities to its women's teams, and provided less publicity for women's athletic events.

to the contrary, the Court defers to the jury as the ultimate fact-finder regarding the resolution of factual disputes. Similarly, the issue of whether any disparities in treatment resulted from NMHU's discriminatory intent is almost entirely a question for the jury. *See Randle v. City of Aurora*, 69 F.3d 441, 453 (10th Cir. 1995) ("Judgments about intent are best left for trial and are within the province of the jury.").

Finally, the jury considered and weighed numerous factors in order to compare the availability, quality, and kinds of athletic treatment and benefits afforded the male and female athletes at NMHU. By its nature, such an assessment is inherently subjective, and the Court will not substitute its judgment for that of the jury. Plaintiffs presented sufficient evidence at trial from which the jury could determine that the treatment and benefits afforded the Student Plaintiffs failed to provide them with equal athletic opportunities at NMHU.

## III.    Conclusion

Construing all evidence and inferences in the light most favorable to the Student Plaintiffs, I find that Defendants fail to show that the jury's verdict is based on insufficient evidence. Accordingly, I will deny Defendants' Motion for Judgment as a Matter of Law or Alternatively, for New Trial. Because Defendants' Motion for JMOL will be denied, Plaintiffs' Motion to Strike Exhibits to Defendants' Motion for Judgment as a Matter of Law, or Alternatively for New Trial will be denied as moot.

Wherefore,

IT IS ORDERED that Defendants' Motion for Judgment as a Matter of Law, or Alternatively for New Trial is **denied**.

IT IS ALSO ORDERED that Plaintiffs' Motion to Strike Exhibits to Defendants' Motion for Judgment as a Matter of Law, or Alternatively for New Trial is **denied as moot**.

DATED this 10th day of March, 2000.

_____

**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:       Kristen M. Galles
Equity Legal
Alexandria, Virginia

Linda M. Vanzi
Vanzi & Gagne, PC
Albuquerque, New Mexico

Nancy Kantrowitz
The Schulze Law Firm
Santa Fe, New Mexico

Counsel for Defendants:     Timothy L. White
Atwood, Malone, Turner & Sabin
Albuquerque, New Mexico