# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GALEN PATON, individually, et al.,

    Plaintiffs,

    vs.                                                        No. CIV 97-1360 JC/DJS

NEW MEXICO HIGHLANDS UNIVERSITY, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiffs' Motion for Reconsideration of Order Decertifying Class ("Class Motion"), filed December 22, 1999 *(Doc. 111)*, and Student Plaintiffs' Motion to Amend or Alter Judgment to Include Declaratory and Injunctive Relief ("Motion to Amend"), filed December 23, 1999 *(Doc. 113)*. The Court has reviewed the motions, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Plaintiffs' Motions are not well taken, and will be denied. The facts of this case do not bear repeating here.

**I.    Discussion**

    *A.    Motion for Reconsideration of Order Decertifying Class*

Plaintiffs' Class Motion asks for reinstatement of the Student Plaintiff class and entry of injunctive relief against Defendants. This Court initially granted the Student Plaintiffs' request for class certification, on the condition that one or more of the named representatives were valid members of the defined class as of May 7, 1998.[1] *See* Mem. Op. and Order, filed Oct. 18, 1999

---

[1] Plaintiffs filed their first Motion for Class Certification *(Doc. 14)* on May 7, 1998. The class was defined to include "present and future female students enrolled at [New Mexico Highlands University] ("NMHU") who participate as athletes in intercollegiate athletics." Mem. Op. and Order *(Doc. 66)*.

*(Doc. 66)*. At that time, the Court clearly stated that should it determine "that no Student Plaintiff had a valid class claim on May 7, 1998, Plaintiffs' class action claims must necessarily be dismissed." *Id.* at 4. After reviewing supplemental briefing on the status of the named representatives, the Court found that Erica Travelstead was the only valid class member remaining as of May 7, 1998. *See* Mem. Op. and Order, filed Nov. 8, 1999 *(Doc. 89)*. During the trial, but prior to the jury receiving the case, the Court determined that "there was nobody left in the class on May 7," and decertified the class. Trial Transcript of Dec. 2, 1999 at 247:5-6, Ex. A attached to Pls.' Class Mot. Upon decertifying the class, the Court noted that Plaintiffs had "failed to file any motions to bring anybody new into the class that would qualify." *Id.* at 247:10-11. Although Plaintiffs now respond that they "offered on numerous occasions to substitute representative plaintiffs," they do not cite any supporting evidence whatsoever for this assertion. Br. in Supp. of Pls.' Class Mot. *(Doc. 112)* at 6.

Plaintiffs further assert that Student Plaintiff Jodie Roberts was a valid member of the class on May 7, 1998, pointing to the trial testimony of Ms. Roberts, Ms. Lane, and Ms. Butler. However, I do not find their testimony to be supportive of this assertion. Plaintiffs also contend, without citation, that Mr. Rusk "backtracked on his affidavit at trial" regarding Ms. Roberts' team membership in 1998. I do not find that Mr. Rusk's testimony supports Plaintiffs' contention.[2] Nevertheless, were the Court to find that Ms. Roberts was a valid member of the class as of May 7, 1998, she cannot adequately represent the class concerning the present conditions at NMHU given that she has attended school outside of New Mexico since the fall of 1998.

Plaintiffs' also assert that Erica Travelstead continues to be a member of the class. That assertion is simply not correct. The class definition includes only those female students who

---

[2] When asked if Ms. Roberts practiced with him in the spring of 1998, Mr. Rusk replied "Not that I remember." Trial Transcript of Greg Rusk's testimony on Dec. 2, 1999 at 196:13-15.

participate as athletes. Ms. Travelstead, while still enrolled as a student at NMHU, is not currently participating as an athlete on an intercollegiate team, nor is there any indication that she will participate as an athlete prior to graduation. At the time of trial, Ms. Travelstead was the sole class representative based on the Court's finding that she was the only valid member of the class on May 7, 1998. *See* Mem. Op. and Order, filed Nov. 18, 1999 *(Doc. 89)*. However, Ms. Travelstead conceded in her trial testimony that Coach Hiapo cut her from the team in April of 1998. *See* Trial Transcript of Erica Travelstead's testimony on Nov. 22, 1999, at 118:11-17. Consequently, the Court determined that Ms. Travelstead was not a valid member of the class on May 7, 1998.

Plaintiffs also ask the Court to determine the class status of the named Plaintiffs as of the filing date of the Complaint, asserting that all of the Student Plaintiffs had valid class claims at that time. Class action principles generally require that when the named plaintiffs' claims are mooted prior to class certification, "the entire action becomes moot," unless the "relation back" exception applies. MOORE'S FEDERAL PRACTICE § 23.10(2) (3d ed. 1999) (citing *Board of Comm'rs v. Jacobs*, 420 U.S. 128, 129 (1975)). The relation back doctrine may be invoked in cases where the claims are so inherently transitory that the court would never be able to rule on a motion for certification prior to the expiration of the named representative's interest. *See id.* This is not such a case. Here, Plaintiffs did not file a motion for certification until after the named plaintiffs' claims expired. Plaintiffs further failed to file appropriate motions for intervention or substitution in order to bring in plaintiffs with valid class claims. The Court will not relate back to the filing date of the Complaint where the mooting of the Student Plaintiffs' claims are foreseeable upon graduation and are not inherently transient.

Finally, Plaintiffs claim that a recorded telephone message indicates that Defendants stipulated to the filing date of the Plaintiffs' Complaint as the date of determination for the Student Plaintiffs' class status. However, this tape recording was never admitted into evidence, nor is there any written agreement between the parties to this effect. Additionally, the parties state that this recording occurred in June or July of 1998, at a time when no valid members remained in the class. Plaintiffs fail to offer sufficient evidence to rebut the Court's finding that no valid class members remained on May 7, 1998. Accordingly, Plaintiffs' Class Motion will be denied.

> B. *Motion to Amend or Alter Judgment to Include Declaratory and Injunctive Relief*

The Student Plaintiffs' Motion to Amend requests the Court to enter declaratory and injunctive relief in order to "bring Defendants into compliance." The jury determined that NMHU discriminated against the Student Plaintiffs and awarded two thousand dollars in damages to each Student Plaintiff. As previously noted, the Student Plaintiff class was decertified before this case went to the jury. Because the Court may not enter equitable relief on behalf of a non-existent class of plaintiffs, I will address the issue of whether the named Student Plaintiffs may receive equitable relief.

Three of the four Student Plaintiffs no longer attend NMHU, rendering moot any request for an order prohibiting Defendants from discriminating against them. Currently, Erica Travelstead is the only Student Plaintiff still enrolled at NMHU, although she no longer participates as an athlete on an intercollegiate sports team. Even if the Court could fashion equitable relief for Ms. Travelstead, it would be no more than a declaration of what the jury already determined: that NMHU discriminated against her right to receive equitable athletic scholarship funds and/or equitable

treatment and benefits.[3] It is impossible to discern from the jury verdict whether the jury found that NMHU discriminated in the provision of scholarships, benefits, or both. Because liability issues in this case were reserved for jury determination, it is not within the province of the Court to specifically declare in what manner NMHU discriminated against the Student Plaintiffs. *See* Pretrial Order, filed Sept. 30, 1999 *(Doc. 63)* at 36-37. Finally, while the jury found that NMHU discriminated in the past, it did not similarly find that NMHU's discriminatory conduct continues into the present. For these reasons, the Student Plaintiffs' Motion to Amend will be denied.

## II.    Conclusion

For the reasons stated above, Plaintiffs' Motion for Reconsideration of Order Decertifying Class and Student Plaintiffs' Motion to Amend or Alter Judgment to Include Declaratory and Injunctive Relief will be denied.

Wherefore,

IT IS ORDERED that Plaintiffs' Motion for Reconsideration of Order Decertifying Class is hereby **denied**.

IT IS ALSO ORDERED that Student Plaintiffs' Motion to Amend or Alter Judgment to Include Declaratory and Injunctive Relief is hereby **denied**.

DATED this 10th day of March, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[3] The verdict form requested the jury to find whether NMHU violated the Student Plaintiffs' rights "to receive equitable athletic scholarship and/or equitable treatment and benefits." Verdict Form, filed Dec. 6, 1999 *(Doc. 106)* § I, No. 1.

| | |
|---|---|
| Counsel for Plaintiffs: | Kristen M. Galles<br>Equity Legal<br>Alexandria, Virginia |
| | Linda M. Vanzi<br>Vanzi & Gagne, PC<br>Albuquerque, New Mexico |
| | Nancy Kantrowitz<br>The Schulze Law Firm<br>Santa Fe, New Mexico |
| Counsel for Defendants: | Timothy L. White<br>Atwood, Malone, Turner & Sabin<br>Albuquerque, New Mexico |