## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GALEN PATON, individually, et al.,

      Plaintiffs,

    vs.                                                No. CIV 97-1360 JC/DJS

NEW MEXICO HIGHLANDS UNIVERSITY, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiffs' Motion to Amend or Alter Judgment or for New Trial as to Damages Only ("Motion"), filed December 23, 1999 *(Doc. 114)*. The Court has reviewed the motion, the submissions of the parties, and the relevant authorities. The Court finds that Plaintiffs' Motion is not well taken, and will be denied.

Plaintiffs request that the Court award back pay and front pay to Coach Plaintiffs Cosmiano, Paton, and Wolf. In the alternative, Plaintiffs request that the Court amend the jury's award to increase the amount of lost back pay, benefits, and compensatory damages, and to include an award of punitive damages. Should the Court decline to amend or alter the judgment, Plaintiffs request a new trial on the issue of damages only.

**Discussion**

As a preliminary matter, I will address the claims of Mr. Cosmiano. The jury found that Defendants' conduct was not the proximate cause of any damages that Mr. Cosmiano may have suffered. *See* Verdict Form *(Doc. 106)* § II. 7. Plaintiffs do not challenge the validity of that finding. Because the jury determined that Defendants were not liable for Mr. Cosmiano's damages, the Court

lacks a basis on which to fashion a remedy or to alter or amend the judgment concerning damages. Accordingly, the Court will not order any relief for Mr. Cosmiano.

    A.    <u>Front Pay / Back Pay</u>

Coach Plaintiffs request front pay and back pay based on the jury's finding that Defendants violated their rights under Title IX. Plaintiffs correctly note that front pay and back pay are equitable remedies for the Court, not the jury, to determine. *See McCue v. State of Kansas, Dep't of Human Resources*, 165 F.3d 784, 791-92 (10th Cir. 1999). Nevertheless, "it is axiomatic that a court should determine the adequacy of a remedy in law before resorting to equitable relief." *Franklin v. Gwinnett County Pub. Sch.*, 503 U.S. 60, 75-76 (1992). Damage remedies are an available form of relief under Title IX. *See id.* at 76. Moreover, compensatory damages are an appropriate remedy where a plaintiff alleges intentional discrimination and where money damages tend to redress that plaintiff's injuries better than equitable remedies. *See Tanberg v. Weld County Sheriff*, 787 F. Supp. 970, 973 (D. Colo. 1992).

In this case, I find money damages to be an adequate and appropriate remedy. Coach Plaintiffs requested that the jury determine the amount of damages to which they are entitled. Consequently, the jury received instructions on a broad range of damages, including lost wages and lost future earnings. Plaintiffs express a preference for front pay in lieu of reinstatement "[g]iven the animosity between the parties in this case." Pls.' Reply to Defs.' Opp'n to Mot., filed Jan. 25, 2000 *(Doc. 135)* at 5.[1] Thus, money damages redress Plaintiffs' injuries better than injunctive relief. Because compensatory damages provide an adequate and appropriate remedy at law for Coach

---

[1] Testimony at trial indicated that all three Coach Plaintiffs have since found other employment.

Plaintiffs, the Court need not resort to equitable relief. Therefore, Plaintiffs' request for front pay and back pay will be denied.

  B. <u>Motion to Alter or Amend the Judgment</u>

Plaintiffs next ask the Court to alter or amend the judgment to increase the compensatory damages and to award punitive damages to Coach Plaintiffs. Plaintiffs contend that the current jury award fails to adequately cover Coach Plaintiffs' lost back pay, lost future income, and other damages contrary to "the manifest weight of the evidence." Pls.' Mot. *(Doc. 114)* at 9, 10.

"In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE, § 2810.1, at 124 (2d ed. 1995)). Federal Rule of Civil Procedure 59(e) does not describe the standard for granting a motion to amend or alter a judgment. However, courts have granted motions under 59(e) on four bases: 1) an intervening change in controlling law, 2) new evidence, 3) clear legal error, or 4) to prevent manifest injustice. *See id.*; *Mobil Oil Corp. v. Amoco Chems. Corp.*, 915 F. Supp. 1333, 1377 (D. Del. 1995) (citing *Dodge v. Susquehanna Univ.*, 796 F. Supp. 829, 830 (M.D. Pa. 1992)). Plaintiffs do not assert a change in law, new evidence, or legal error as a basis for their motion. Thus, Plaintiffs apparently contend that the jury verdict represents a manifest injustice. I am not persuaded that the jury's damage award constitutes a manifest injustice.

The jury in this case was instructed to consider the elements of damage "to the extent you find them proved by the greater weight of the evidence." Court's Instructions to the Jury, filed Dec. 3, 1999 *(Doc. 101)*, Instruction No. 8Q. Although Plaintiffs presented the testimony of an economist concerning the Coach Plaintiffs' past and future damages, the jury was free to judge the credibility

of his testimony, and this Court will not substitute its judgment for that of the jury. The jury was further instructed as to the purpose of compensatory damages and its component elements. Other instructions described the calculation of future damages and what factors to consider in awarding damages for loss of future earnings. Further, the instructions specifically referred to various types of damages that the jurors could consider, including emotional distress, the value of medical care, lost wages, moving costs, and other career transition expenses. Plaintiffs do not allege, nor may the Court assume, that the jury disregarded or failed to follow these instructions.

The jury awarded Coach Plaintiffs Paton and Wolf an amount roughly equivalent to one year of their salaries as employees at New Mexico Highlands University. I do not find that the jury acted in an unjust or irrational manner in determining that those amounts represented a fair compensation for the Coach Plaintiffs' injuries.

*Punitive Damages*

Plaintiffs also assert that Coach Plaintiffs are entitled to punitive damages under the standard described in *Kolstad v. American Dental Ass'n*, 119 S. Ct. 2118 (1999). Plaintiffs misapprehend the meaning of *Kolstad*. The Court in *Kolstad* addressed the question of when the issue of punitive damages may be considered by a jury in a Title VII sex discrimination case. The Court found that employers need not engage in "egregious" conduct "before being subject to a punitive award." *Kolstad*, 119 S. Ct. at 2126. Here, Plaintiffs do not dispute that the issue of punitive damages was presented to the jury. Nor do they allege that the jury was incorrectly instructed regarding the determination of punitive damages. After receiving its instructions, the jury considered and declined to award punitive damages. I do not find that the jury verdict constitutes a manifest injustice, nor is

it clearly against the weight of the evidence. Therefore, this Court will not amend or alter the jury's decision on the issue of punitive damages.

    C.    <u>Motion for New Trial</u>

Finally, in the event that the Court denies Plaintiffs' request for equitable relief and their motion to alter or amend the judgment, Plaintiffs ask that the Court grant a new trial on the damages issue only. The appropriate inquiry into a motion for a new trial is whether Plaintiffs meet their burden of demonstrating that the verdict is "clearly, decidedly, or overwhelmingly against the weight of the evidence." *Blanke v. Alexander*, 152 F.3d 1224, 1235 (10th Cir. 1998) (internal quotations omitted). The determination of damages is traditionally a jury function and, as trier of fact, the jury has wide discretion in deciding what amount of damages is fair compensation for a plaintiff's injuries. *See id.* Moreover, "absent an award so . . . inadequate as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial, the jury's determination" should stand. *Id.* (internal quotations and citations omitted).

As discussed above, I fail to find that the jury verdict represents a manifest injustice, or is clearly against the weight of the evidence. The jury, in its discretion, determined the amount of damages that it considered a fair compensation for the Coach Plaintiffs' injuries, and the amount of damages awarded is not shocking. The jury was properly instructed on damages. Finally, Plaintiffs do not present any evidence that passion, prejudice, corruption or other improper cause influenced the jury in its deliberations. Accordingly, I will deny Plaintiffs' request for a new trial on damages.

**Conclusion**

Because money damages represent an adequate remedy at law, the Court will not award Plaintiffs the equitable remedies of front pay and back pay. Further, I find that the jury's damage

awards are neither a manifest injustice nor clearly against the weight of the evidence. Therefore, Plaintiffs' request to alter or amend the judgment and award punitive damages will be denied. Finally, the jury's damage awards are not so inadequate as to shock the judicial conscience. Thus, Plaintiffs' request for a new trial will be denied.

Wherefore,

IT IS ORDERED that Plaintiffs' Motion to Amend or Alter Judgment or for New Trial as to Damages Only *(Doc. 114)* is **denied**.

DATED this 19th day of June, 2000.

```
                              _____
                              CHIEF UNITED STATES DISTRICT JUDGE
```

Counsel for Plaintiffs:

    Kristen M. Galles
    Equity Legal
    Alexandria, Virginia

    Linda M. Vanzi
    Vanzi & Gagne, PC
    Albuquerque, New Mexico

    Nancy Kantrowitz
    The Schulze Law Firm
    Santa Fe, New Mexico

Counsel for Defendants:

    Timothy L. White
    Atwood, Malone, Turner & Sabin
    Albuquerque, New Mexico