IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 6 2002

Robert M. March

GALEN PATON, et al.,

    Plaintiffs,

vs.

No. CV 97-1360 JC/DJS

NEW MEXICO HIGHLANDS UNIVERSITY,
et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on remand from the Tenth Circuit Court of Appeals. In addition to reversing the Court's decertification order of the class of Student Plaintiffs (Plaintiffs or Plaintiff class) and directing the Court to recertify the class, the Tenth Circuit also reversed the Court's denial of Plaintiffs' requested declaratory and injunctive relief and remanded the matter for further proceedings and consideration. Paton v. New Mexico Highlands Univ., 275 F.3d 1274 (10th Cir. 2002). The Court recertified the class as instructed and then invited the parties to advise it on the nature of future proceedings to be held and the status of the case. The Court further requested that, given the passage of time since the filing of the Complaint, Plaintiffs detail the declaratory and injunctive relief they currently sought.

In response to the Court's query, Plaintiffs submitted a proposed order for injunctive relief which allegedly tracks Title IX's regulations and Policy Interpretation. Plaintiffs' proposed order also includes language on the issue of attorneys' fees and costs. Plaintiffs further inform that they would be happy, with the Court's assistance, to negotiate an agreement with Defendants regarding relief. If relief cannot be agreed on, Plaintiffs request leave for limited discovery, such

as access to current class members and an on-site inspection.

Defendants' response to the Court's query focuses on arguments for decertifying the Plaintiff class. In essence, Defendants contend that the Tenth Circuit's opinion and mandate regarding recertification of the Plaintiff class should be disregarded because the Tenth Circuit's reversal of a district court's factual conclusion violates black-letter law. Alternatively, Defendants argue that no factual predicate exists for injunctive relief given the jury's nonspecific findings. Defendants conclude their letter with a hope that a compromise with Plaintiffs can be reached on the matter of relief. However, if no compromise can be reached, Defendants intend to file a motion to decertify the class mandated by the Tenth Circuit or, in the alternative, to deny the injunctive relief sought by Plaintiffs.

In a letter replying to Defendants' letter to the Court, Plaintiffs respond that (1) the class certification issue has been resolved by the Tenth Circuit and (2) no factual findings by the jury were possible on the issue of injunctive relief as the jury was instructed only on the issue of damages. Further, Plaintiffs contend, no such findings are required because their proposed order does not depend on particular factual findings, but merely tracks Title IX – which by law Defendants are bound to follow. Plaintiffs offer to provide a more tailored order, tracking the trial record by violation, but contend that a more general order, such as their proposed order, would be more beneficial. Finally, Plaintiffs reiterate their offer to mediate the appropriate relief, with the Court's assistance.

The Court disagrees with Defendants. It is black-letter law that this Court cannot overrule the Tenth Circuit. If Defendants wish to challenge the authority of the Tenth Circuit to reverse the Court's decertification decision, they must raise the issue with the Tenth Circuit or

the United States Supreme Court. As to the factual basis for injunctive relief, the Court concludes that the trial record provides more than sufficient evidence to support injunctive (and declaratory) relief.[1] Mediation between the parties appears to be not only a cost-effective solution, but also one which would allow for a rapid resolution of the relief issues in this case.[2] Consequently, the parties are to arrange posthaste a mediation session with Magistrate Judge Don Svet, the assigned Magistrate Judge, on the issues of injunctive relief (and declaratory relief, if still sought).[3] If the parties are so inclined, they also may seek to mediate the issues regarding attorneys' fees and costs. If the issues regarding appropriate relief and attorneys' fees and costs are not resolved through mediation, they will be resolved by this Court.

**THEREFORE, IT IS ORDERED** that the parties are to arrange IMMEDIATELY a mediation conference with Magistrate Judge Svet on the issues of injunctive relief.

**IT IS FURTHER ORDERED** that if Plaintiffs continue to seek declaratory relief, the issue of such relief must be raised at the mediation session.

**IT IS FURTHER ORDERED** that if they so desire, the parties may mediate the issue of attorneys' fees and costs with the assistance of Judge Svet.

**IT IS FURTHER ORDERED** that the parties are to inform the Court IMMEDIATELY of the result(s) of their mediation.

DATED this 24 day of April 2002.

SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs: Kristen M. Galles, Alexandria, VA, Linda M. Vanzi, Albuquerque, NM, and Nancy Kantrowitz, THE SCHULZE LAW FIRM, Santa Fe, NM

Counsel for Defendants: Timothy L. White, MADISON, HARBOUR, MROZ & BRENNAN, PA, Albuquerque, NM, and Nancy Ruth Long, HERRERA, LONG, POUND & KOMER, PA, Santa Fe, NM

[1] Unfortunately for the female student athletes at Highlands University and for Highlands University generally, this case is almost five years old. The Court would like to believe that during the ensuing years since this action was filed, Defendants have done much to moot the injunctive relief Plaintiffs seek and to comply faithfully with Title IX.

[2] The parties' willingness to mediate is refreshing. Hopefully, more money, time, and effort can be spent by the parties on extinguishing Highland University's Title IX deficiencies and less on litigating this matter.

[3] The Court sought the parties' input on the issues of appropriate <u>declaratory</u> and injunctive relief. In their responses to the Court, however, the parties focused solely on the issue of injunctive relief. The Court is unsure whether the issue of declaratory relief has been dropped by Plaintiffs, merely overlooked by the parties, or is buried in Plaintiffs' proposed order for injunctive relief. If Plaintiffs still desire declaratory relief, it is incumbent on them to explicitly raise the issue during the mediation with Judge Svet.